IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| RAJU A.T. DAHLSTROM,<br><br>                Appellant,<br><br>        v.<br><br>JAY ROBERT INSLEE, STATE OF WASHINGTON, WASHINGTON STATE PATROL, JEFFERSON COUNTY, THOMAS A. BROTHERTON, CASEY K. COREY, CHRISTOPHER JOHN DAIGLE, KEITH CHANDLER HARPER, MICHAEL E. HAAS, JAMES MITCHELL KENNEDY, JILL LANDES, SCOTT W. ROSEKRANS, WALTER H. PERRY, all in their individual and official capacities,<br><br>                Respondents. | No. 88809-9-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

DÍAZ, J. — A trial court dismissed Raju Dahlstrom's lawsuit against the State, Jefferson County, and several of their officials. Because applicable statutes of limitations bar Dahlstrom's claims, we affirm.

I.      BACKGROUND

In July 2014, Washington State Patrol troopers stopped appellant Dahlstrom in his car and issued him a traffic citation. Dahlstrom challenged the

citation in Jefferson County District Court, alleging that the stop was racially motivated. Dahlstrom appealed the decision to Jefferson County Superior Court, arguing that the district court judge was racially motivated in upholding the traffic citation. The superior court affirmed the district court's decision in 2015. Dahlstrom did not appeal further.

Ten years later, in 2025, Dahlstrom filed a lawsuit against the State, Jefferson County, and various State and county officials, including former governor Jay Inslee, the Washington State Patrol troopers who issued his traffic citation (together, the State defendants), the Jefferson County judges who presided over the proceedings summarized above, and several Jefferson County prosecutors (together, the County defendants).

In an amended complaint, ultimately brought in Skagit County Superior Court, Dahlstrom brought claims under the Consumer Protection Act (CPA), chapter 19.86 RCW, the Washington Law Against Discrimination (WLAD), chapter 49.60 RCW, false imprisonment, and the Uniform Declaratory Judgments Act (UDJA), chapter 7.24 RCW. Dahlstrom's allegations each related to defendants' conduct during the traffic stop and subsequent court proceedings, all of which occurred in 2014 and 2015.

The State defendants moved the court to dismiss Dahlstrom's claims against them under CR 12(b)(6), arguing inter alia that his claims were barred by the statutes of limitations provided in RCW 4.16.100(1), 4.16.080(2), and 19.86.120. Separately, the County defendants also moved for dismissal of Dahlstrom's claims under CR 12(b)(6), also arguing inter alia that the claims were

barred by the applicable statutes of limitations.

The trial court granted both motions in July 2025, dismissing all claims against all defendants. Dahlstrom timely appeals.

## II.  ANALYSIS

This court reviews a trial court's order granting a motion to dismiss under CR 12(b)(6) de novo. Wahkiakum Sch. Dist. No. 200 v. State, 2 Wn.3d 63, 77, 534 P.3d 808 (2023). Dismissal under CR 12(b)(6) is appropriate if "'it appears beyond doubt that the plaintiff can prove no set of facts, consistent with the complaint, which would entitle the plaintiff to relief.'" Bowman v. John Doe Two, 104 Wn.2d 181, 183, 704 P.2d 140 (1985) (quoting Orwick v. City of Seattle, 103 Wn.2d 249, 254, 692 P.2d 793 (1984)).

Respondents reassert that Dahlstrom's claims under the CPA, WLAD, and UDJA, as well as his claim of false imprisonment, are time-barred because he filed his complaint 10 years after the conduct at issue, many years after the relevant statutes of limitations expired. We agree.

The statute of limitations for CPA claims is four years. RCW 19.86.120. The statute of limitations for false imprisonment claims is two years. RCW 4.16.100(1). WLAD claims must be brought within three years under the general statute of limitations for personal injury actions. RCW 4.16.080(2); Antonius v. King County, 153 Wn.2d 256, 261-62, 103 P.3d 729 (2004). Where a specific statute of limitation applies, a declaratory judgment action is subject to the same statutory limitation. Reid v. Dalton, 124 Wn. App. 113, 122, 100 P.3d 349 (2004).

Here, Dahlstrom filed his complaint approximately 10 years after the

conduct he complains of in 2014 and 2015. All of the applicable statutes of limitations had expired years earlier. Dahlstrom's complaint is barred by the applicable statutes of limitations.

Dahlstrom acknowledges and "stipulates" to the applicability of these statutes of limitations but nevertheless asks that we "depart[] from the blanket prohibition" and review the actions of the Washington State Patrol troopers and the district and superior court judges.

Dahlstrom, however, provides no authority for not applying the statutes of limitations in this case, and we decline the invitation to consider this claim further. McKee v. American Home Prods. Corp., 113 Wn.2d 701, 705, 782 P.2d 1045 (1989) ("We will not consider issues on appeal that . . . are not supported by argument and citation of authority.").

III.    CONCLUSION

We affirm.


_____
Díaz, J.

WE CONCUR:


_____          _____, ACJ
Birk, J.

4